IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT DOUGLAS LYLE,            )
                                )
    Plaintiff,                  )
                                )   Case No. 3:16-cv-00864
v.                              )   Judge Crenshaw / Frensley
                                )
MONTGOMERY COUNTY, TENNESSEE,   )
ABL FOOD SERVICE, et al.,       )   JURY DEMAND
                                )
    Defendants.                 )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendant Correct Care Solutions, LLC ("Defendant" or "CCS"). Docket No. 57. In support of that Motion, Defendant has contemporaneously filed a Memorandum of Law. Docket No. 58.

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983 complaining about the conditions of his confinement at the Montgomery County Jail. Docket No. 1. Plaintiff's allegations against Defendant CCS specifically, in their entirety, are as follows:

> Correct Care Solutions knows that Plaintiff has a "Number" of disease [*sic*] and is not trying to give any kind of medical or medication to help with the pain on bad days when Plaintiff just feels give out [*sic*] and don't feel like doing anything for that day. Plaintiff has: (1) Hepatitis - B (2) Hepatitis - C (3) Genital Herpes (4) Genital Warts on his privates (5) Hemorrhoids from sitting on hard concrete floors because there's no table's [*sic*] and sitting in Dayroom when out of cells, my hemorrhoid's [*sic*] are so bad off - that they start bleeding at times when useing [*sic*] the restroom.

> . . .
>
>> Because I am being deprived of my Eighth-Amendment right to receive proper medical care and treatment for all of the disease [*sic*] I have at this time.

*Id.* at 22, 23.

Plaintiff seeks the following relief:

> Make Correct Care Solutions to give me - medication on my disease [*sic*] that I have and to - start treating my Hepatitis C and also my Genital Warts and also the Hemorrhoid's [*sic*] if not to bad to do any good since I have been in this jail.

*Id.* at 29.

Defendant filed the instant Motion and supporting Memorandum of Law arguing that Plaintiff has failed to state a claim against it for which relief can be granted because in order to state a claim against it under §1983, Plaintiff must identify an official custom or policy of CCS that caused him injury, but Plaintiff has not identified any official CCS custom or policy, much less alleged that any such custom or policy caused him injury. Docket No. 58. Defendant argues that Plaintiff's failure to so identify and allege renders his allegations insufficient to state a claim against it under §1983, such that Plaintiff's claims against it should be dismissed. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 57) be GRANTED, that Plaintiff's claims against Defendant CCS be DISMISSED, and that CCS be TERMINATED as a Defendant in this action.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state

a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B.  42 U.S.C. § 1983**

    **1.  Generally**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**2. Eighth Amendment**

**a. Generally**

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

**b. Deliberate Indifference To Serious Medical Needs**

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their

response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing*

*Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

## C. The Case at Bar

Defendant CCS is a private company that contracts with the State to provide medical services to inmates. A private entity that contracts with the State to perform a traditional state function (such provide medical services to inmates) acts under color of state law and may be sued under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

Section 1983, however, does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In order for Defendant to be held liable, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978) (In order to find a governmental entity liable, a plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.).

As can be seen in the quoted passages from Plaintiff's Complaint, *supra*, Plaintiff in the instant action does not contend that any official CCS policy or custom caused the alleged deprivation of his rights. Because Plaintiff does not allege, much less establish, that the alleged violations of his rights were caused by an official CCS policy or custom, he cannot sustain his §1983 claims against Defendant.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 57) be GRANTED, that Plaintiff's claims against Defendant CCS be DISMISSED, and that CCS be TERMINATED as a Defendant in this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge