IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DOUGLAS LYLE,<br>    Plaintiff,<br><br>v.<br><br>MONTGOMERY COUNTY, TENNESSEE,<br>ABL FOOD SERVICE, et al.,<br>Defendants. | Case No. 3:16-cv-00864<br>Judge Crenshaw / Frensley<br>JURY DEMAND |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION AND BACKGROUND

This matter is before the Court upon a Motion to Dismiss filed by Defendants Pierce, Porter, Ritscher, Lee, Carter, Sparks and Vansciver. Docket No. 42. In support of that Motion, Defendants have contemporaneously filed a Memorandum of Law. Docket No. 43.

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983 complaining about the conditions of his confinement at the Montgomery County Jail. Docket No. 1. Defendants filed the instant Motion and supporting Memorandum of Law arguing Plaintiff has failed to state a claim against them for which relief can be granted on the grounds Plaintiff ". . . makes only sparse, non-meritorious allegations against the individually named defendants to the lawsuit." Docket No. 43. Defendants argue that Plaintiff's failure to state a cognizable legal claim against any of the Defendants in their individual capacity renders his allegations insufficient to state a claim against them under Section 1983, such that Plaintiff's claims against them should be dismissed. *Id*.

For the reasons set forth below the undersigned recommends that the Defendants' Motion

to Dismiss (Docket No. 42) be GRANTED, that Plaintiff's claims against Defendants, Pierce, Porter, Ritscher, Lee, Carter, Sparks and Vansciver be DISMISSED, and that they be terminated as Defendants in this action.

## II.
## LAW AND ANALYSIS

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a

2

> plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B. 42 U.S.C. § 1983**

**1. Generally.**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## 2. Eighth Amendment.

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

## 3. Individual Liability.

To state a cognizable claim against an individual under Section 1983 "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley Live v. City of Parma Heights*, 437 F. 3d 527, 533 (6th Cir. 2006). A person sued in their individual capacity under Section 1983 can be held liable based only on their own unconstitutional behavior. *See Murphy v. Grenier,* 406 Fed. Appx. 972, 974 (6th Cir. 2011) (unpublished opinion) ("Personal involvement is necessary to establish section 1983 liability"); *see also Gibson v. Matthews*, 926, F. 2d 532, 535 (6th Cir. 1991)(noting that personal liability

4

"must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

### C. The Case at Bar

#### 1. Defendant Pierce

The only allegation against Defendant Pierce is that "she oversees the food trays at the jail." Docket No. 1, p. 11. This allegation is contained in the section of the Complaint dealing with Plaintiff's claims regarding the actions of Defendant ABL, the food service provider at the Montgomery County Jail, about the nutritional content of the food. There is nothing in and of itself that is unconstitutional about overseeing the food trays and there is no allegation that Defendant Pierce has any involvement, control or responsibility for the actions of ABL regarding the nutritional content of the food served at the Montgomery County Jail. Because there are no allegations against Defendant Pierce that she was responsible for the deprivation of a right secured by the Constitution or laws of the United States or otherwise had any involvement in the actions about which Plaintiff complains apart from a ministerial responsibility with the food trays, Plaintiff has failed to state a claim against Defendant Pierce in her individual capacity and therefore the undersigned recommends Defendant Pierce's Motion to Dismiss be GRANTED.

#### 2. Defendants Porter, Vansciver and Sparks

Plaintiff alleges that Defendants Porter, Vansciver and Sparks, ". . . are deputy's (sic) that work at the Montgomery County Jail that 'participate' in 'gang bangging'[sic] hand shaking-with "Black" inmates and in return get favors when "white" inmates do not! Like Montgomery County- Jail Deputy "Mrs. Porter" work's [sic] in laundry on 1st shift that's over trustee workers that- work's in laundry and also deputy "Mrs. Vansciver that works on 2nd shift." Docket No. 1,

5

p. 10. Plaintiff alleges Defendants Porter and Vansciver provide favors to inmates whose families pay then on the "low". *Id.* at p. 17. Defendant Sparks is in a category of deputies who allegedly threaten inmates with lock downs and take away privileges such as visits and commissary. *Id.* Plaintiff has failed to state a cognizable legal claim against any of these Defendants. Although Plaintiff does name these individuals in his complaint, there is no particularized account that tells exactly what they did that is a violation of the Constitution or law. There is further no allegation that any these individuals took any action directed toward Plaintiff. For these reasons, the undersigned recommends that the Motion to Dismiss of Defendants Porter, Vansciver and Sparks be GRANTED.

### 3. Defendant Ritscher

The only mention of Defendant Ritscher in the complaint is in a list of Defendants alleging he oversees TDOC and county workers. Docket No. 1, p. 2. Because there are no factual allegations alleging any constitutional deprivation by the Defendant Ritscher Plaintiff cannot support a claim against him and therefore the undersigned recommends that Defendant Ritscher's Motion to Dismiss be GRANTED.

### 4. Defendant Lee

Plaintiff complains that the Montgomery Court Jail places inmates on lock down prior to providing them a hearing and only provides hearings upon request by the inmate. Docket No. 1, pp. 18-19. Plaintiff alleges that Defendant Lee is the hearing officer. *Id.* at pp. 2, 19.

Beyond alleging he is the hearing officer, Plaintiff does not state any particular facts or allege any wrongdoing by Defendant Lee. Plaintiff's concerns appear to be with the policies and procedures regarding rule violation hearings implemented by Defendant Montgomery County.

Because there is no specific allegation that Defendant Lee is responsible for the policies or procedures or has otherwise acted in an unconstitutional manner the undersigned recommends that Defendant Lee's Motion to Dismiss be GRANTED.

      **5.     Defendant Carter**

Plaintiff complains that the Montgomery County Jail houses Tennessee Department of Correction state inmates but has no "institute parole officer" ("IPO") or counselor to help inmates in computing their sentences. Docket No. 1, p. 22. Plaintiff alleges Defendant Carter oversees all TDOC time and parole and that she "knows nothing about being an IPO or counselor to inmates." *Id* at pp. 2, 22. As with the other Defendants addressed herein, Plaintiff merely identifies Defendant Carter by her position and alleges no factual allegation of unconstitutional action by this Defendant. The allegation that Defendant Carter is unqualified to do the job does not equate to an unconstitutional act by Defendant Carter. Further, Plaintiff's complaint that the Montgomery County Jail does not provide TDOC inmates with adequate counselors and parole officers is a claim against Montgomery County and not against Defendant Carter and would not entitle him to any relief against Defendant Carter. For these reasons, the undersigned recommends that Defendant Carter's Motion to Dismiss be GRANTED.

## IV.
## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss of Defendants Pierce, Porter, Ritscher, Lee, Carter, Sparks and Vansciver (Docket No 42) be GRANTED, and that Plaintiff's claims against these Defendants be DISMISSED in this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge